IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY J. KUDLO, an individual, ) | |
| ) | Case No. 1:19-cv-3807 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ASSOCIATED UROLOGICAL SPECIALISTS, ) | |
| LLC, an Illinois limited liability company, and ) | |
| KRISTYN MINETTI, an individual, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

The Plaintiff, Timothy J. Kudlo, ("Plaintiff" or "Kudlo") by and through his attorney, Timothy M. Nolan of the Nolan Law Office, complains against the Defendants, Associated Urological Specialists, LLC ("Associated Urological"), and Kristyn Minetti ("Minetti"), (collectively, "Defendants"), as follows:

**NATURE OF THE SUIT**

1. This lawsuit arises under the Family and Medical Leave Act, 29 U.S.C. § 2615, *et seq.*, ("FMLA") for Defendants' unlawful interference with Plaintiff's right to take medical leave during the last quarter of 2018 to care for his terminally ill wife. Defendants further violated the FMLA when they retaliated against Plaintiff by terminating him on December 21, 2018 after he exercised his rights under the FMLA to provide care and comfort for his dying wife.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over Plaintiff's FMLA claims pursuant to 29 U.S.C. § 2617(a)(2) and 28 U.S.C. § 1331.

1

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

4. Plaintiff is a former employee of Defendant Associated Urological. He worked as a CT Technician for the Defendant and he performed his duties at Defendant's various medical practice locations from June 1, 2006 through December 21, 2018.

5. Plaintiff resides in and is domiciled in this judicial district.

6. Defendant Associated Urological operates a medical group practice with several offices and locations throughout the south and southwest suburbs of Chicago, and holds itself out as a collaboration of top urology doctors and radiation oncologists in Illinois.

7. Defendant Associated Urological is registered in Illinois as a limited liability company and its principal office, managers, and registered agent are located within this judicial district.

8. At all times relevant to this action, Defendant Associated Urological has been by managed by ten (10) medical doctors.

9. Defendant Minetti is an employee of Defendant Associated Urological and holds the position of Director of Ancillary Services.

10. Defendant Minetti resides in and is domiciled in this judicial district.

**COMMON ALLEGATIONS**

11. Throughout his employment as a CT Technician for Defendants, Plaintiff performed his work in a satisfactory manner at all times.

12. Plaintiff received a salary raise in early February, 2018.

13. In mid-February, 2018, Plaintiff's wife of more than forty years was diagnosed with lung cancer.

14. Immediately upon receiving his wife's diagnosis, Plaintiff spoke with Defendant's then Director of Ancillary Services, Donna Erickson, to inform her that he would need time off from work to coordinate doctor visits and to provide care for his wife.

15. Ms. Erickson granted Plaintiff time off from work and also suggested that he apply for leave under the FMLA.

16. Plaintiff applied for leave under the FMLA and on April 3, 2018, he was approved for intermittent FMLA leave in connection with his wife's ongoing medical care.

17. Between April 3, 2018 and the end of August, 2018, Plaintiff's wife's medical condition was largely stable. Plaintiff was able to schedule most of his wife's weekly doctor and treatment visits to take place on Monday, Plaintiff's typical day off. During this five month period, Mr. Kudlo exercised his right to intermittent FMLA leave on six (6) occasions for approximately sixteen (16) total hours of leave time.

18. During this same period, Ms. Erickson instructed Plaintiff to notify her whenever he took leave time to care for his wife or to accompany her on doctor visits. Plaintiff followed these instructions.

19. In approximately July, 2018, Defendant Associated Urological terminated Ms. Erickson and replaced her with Defendant, Minetti.

20. Shortly thereafter, Defendants cut Plaintiff's work schedule from thirty (30) hours per week down to twenty-two (22) hours per week. The stated reason given to the Plaintiff for his reduction in hours was a "change in workload".

21. At the end of September, 2018, Plaintiff notified Defendants that he needed to take FMLA leave to accompany his wife for a medical appointment and treatment. When he returned to work, Defendant Minetti expressed frustration toward Mr. Kudlo because he took time off and because Defendants had to reschedule patient appointments due to Plaintiff's absence.

22. By the second half of October, 2018, Plaintiff's wife's condition had deteriorated.

23. On October 29, 2018, Plaintiff informed Defendant Minetti about his wife's condition and his need to take time off from work including the weeks of November 5 and November 12, 2018 to care for his wife. Defendant Minetti denied Plaintiff's request and told him that he could not take that time off because there were patients scheduled for CT scans.

24. After Defendant Minetti informed Kudlo that he could not take the weeks of November 5 and November 12, 2018 off, Plaintiff offered to come in to work if he could arrive late and leave early in order to take care of his wife. Defendant Minetti instructed Plaintiff that so long as he completed all patient scans, he could arrive late and leave early.

25. Plaintiff attempted to comply with Defendant Minetti's order to complete his work before attending to his sick wife. For example, on November 6, 2018, Plaintiff left his severely ill wife at home alone so he could perform two patient scans in the morning. He returned home and then left his wife alone again in the afternoon in order to return to work to perform a single patient scan.

26 By the end of November, 2018, Plaintiff's wife's condition grew steadily worse and she experienced several particularly bad days which required the Plaintiff to remain at his wife's side.

27. On or about November 30, 2018, Plaintiff requested to leave work early at 1:30 p.m. in order to take his wife for a medical test scheduled for later that afternoon. At this time, and in anticipation of his future absences from work to care for his wife, Plaintiff suggested that Defendants retain a temporary CT technician to perform scheduled patient scans when he was absent. Defendant Minetti declined Kudlo's suggestion and responded that she "didn't like agency personnel".

28. On or about December 5, 2018, Plaintiff informed Defendant Minetti that he needed to take the day off and stay at home to care for his wife because she was weak, had developed a fever and had an adverse reaction to her medication.

29. One week later, on Tuesday, December 11, 2018, at approximately 3:15 p.m., Plaintiff received a telephone call from his wife who informed him that she was very sick and needed Plaintiff to return home quickly. Plaintiff informed Defendants' scheduler that he needed to go home to care for his wife. Shortly after returning home that evening, Plaintiff took his wife to the emergency room.

30. On the following afternoon, Wednesday, December 12, 2018, as Plaintiff was transporting his wife to her primary care physician for further evaluation and treatment, he stopped at Defendants' location in Palos Heights and conferred with Defendant Minetti. At that time, Plaintiff informed Defendant Minetti about his departure from work the day before, and about his need to provide transportation and care for his wife Wednesday through Friday of that week as she was undergoing a battery of tests and treatment.

31. Defendant Minetti told Plaintiff that he could take off Wednesday and Thursday, but that Plaintiff could not take off Friday, December 14, 2018.

32. At approximately 7:00 p.m. on Wednesday, December 12, Plaintiff's wife was admitted to the hospital again. That evening, Plaintiff sent a text message to Defendant Minetti informing her that his wife was admitted to the hospital and that he would not be at work on Thursday or Friday.

33. The next morning, Thursday, December 13, Defendant Minetti responded to Plaintiff and told him that he could not take Friday the 14th off.

34. Plaintiff replied promptly and informed Defendant Minetti again that he wife was ill, that she was in the hospital, and that he was unable to come to work on Friday, December 14 due to his wife's medical condition.

35. Plaintiff remained at his wife's side and did not work on Thursday or Friday, December 13-14, 2018.

36. Plaintiff returned to work the following week and worked his next two scheduled days, Tuesday, December 18, and Friday, December 21.

37. After Plaintiff completed his last patient scan on Friday, December 21, 2018, Defendant Minetti called him to a meeting with manager, Cindy Grogan, at which time Defendant Minetti terminated Plaintiff.

38. The stated reason given by Defendant Minetti for Plaintiff's termination was that he was calling in too often and patients were getting upset that they had to be rescheduled.

39. In addition, Defendant Minetti handed a termination letter to Plaintiff purportedly authored by Eliza Roque, Defendant's Director of Human Resources. The termination letter stated, falsely, that although Mr. Kudlo was approved for intermittent FMLA leave in order to care for his wife, he was not adhering to the conditions of his leave and incurred numerous absences that are not covered by FMLA leave.

6

40. Continuing, the termination letter stated, falsely, that Mr. Kudlo only sought FMLA leave for two hours on September 27, 2018, and that all of Plaintiff's other absences are unexcused and not protected by the FMLA.

## COUNT I
## FMLA Interference – 29 U.S.C. § 2615(a)(1)

41. Plaintiff hereby incorporates paragraphs 1 through 40 as though stated herein.

42. Plaintiff is an "eligible employee" within the meaning of 29 U.S.C. § 2611(2). Plaintiff worked more than 1,250 hours for Defendants during the year preceding his FMLA leave request.

43. Defendant Associated Urological is an "employer" within the meaning of 29 U.S.C. § 2611(4). Defendant Associated Urological is a company engaged in interstate commerce employing 50 or more employees for each working day during 20 or more calendar workweeks in 2017 or 2018.

44. Defendant Minetti is an "employer" within the meaning of 29 U.S.C. § 2611(4). Defendant Minetti is responsible for Defendant Associated Urological's violation of the Act. At all times, Defendant Minetti possessed authority to hire, fire and supervise Plaintiff and Defendant's ancillary employees. Defendant Minetti also possessed the authority to control employee work schedules or conditions of employment, to determine rate and method of wage payment, and to maintain employment records.

45. Plaintiff was entitled to take FMLA leave and properly gave Defendants notice of his need and intent to take leave as soon as it was practicable.

46. Defendants unlawfully interfered with Plaintiff's rights under the FMLA by denying him the leave benefits to which he was entitled under the Act and terminating him.

**WHEREFORE**, the Plaintiff, Timothy J. Kudlo, respectfully requests that this Court enter judgment in his favor and against Defendants, Associated Urological Specialists, LLC, and Kristyn Minetti, and award Plaintiff the following:

A. Damages in the amount of all wages, salary, employment benefits, or other compensation denied to or lost by Plaintiff as a result of Defendants' violation;

B. Prejudgment interest on all damages awarded under clause A;

C. Liquidated damages in an amount equal to Plaintiff's lost wages, salary, employment benefits, or other compensation;

D. All appropriate equitable relief, including front pay, or any other relief tailored to the harm suffered;

E. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

F. Such other and further relief as this Court deems appropriate and just.

## COUNT II
## FMLA Retaliation – 29 U.S.C. § 2615(a)(2)

47. Plaintiff hereby incorporates paragraphs 1 through 40, and 42 through 44 as though stated herein.

48. Plaintiff engaged in statutorily protected activity by requesting and taking medical leave from Defendants to care for his terminally ill wife.

49. As a direct result of Plaintiff's requests for medical leave and Plaintiff's taking medical leave, Defendants intentionally retaliated against Plaintiff by terminating him one week after he took FMLA leave to care for his terminally ill wife.

**WHEREFORE**, the Plaintiff, Timothy J. Kudlo, respectfully requests that this Court enter judgment in his favor and against Defendants, Associated Urological Specialists, LLC, and Kristyn Minetti, and award Plaintiff the following:

    A.    Damages in the amount of all wages, salary, employment benefits, or other compensation denied to or lost by Plaintiff as a result of Defendants' violation;

    B.    Prejudgment interest on all damages awarded under clause A;

    C.    Liquidated damages in an amount equal to Plaintiff's lost wages, salary, employment benefits, or other compensation;

    D.    All appropriate equitable or other relief, including front pay, or any other relief tailored to the harm suffered;

    E.    Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

    F.    Such other and further relief as this Court deems appropriate and just.

Dated: June 6, 2019

Respectfully submitted,

Timothy J. Kudlo,
Plaintiff

/s/ Timothy M. Nolan
_____
Attorney for the Plaintiff

Timothy M. Nolan (No. 6194416)
NOLAN LAW OFFICE
53 West Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel (312) 322-1100
Fax (312) 322-1106
tnolan@nolanwagelaw.com